IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CECIL BOYKIN, as trustee for ROY LEE KEMP TRUST; and CECIL BOYKIN, <br>     Plaintiffs, <br><br> v. <br><br> WELLS FARGO FINANCIAL TEXAS, INC., , *et al.,* <br>     Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. 4:17-02663 |

# **MEMORANDUM AND ORDER**

Plaintiff Cecil Boykin, who proceeds *pro se*, brought this foreclosure-related case on September 5, 2017, against eleven Defendants. Eight Defendants have filed motions to dismiss. *See* Defendant Wells Fargo Financial Texas, Inc.'s Motion to Dismiss [Doc. # 4]; Defendant Michael Schroeder's Motion to Dismiss [Doc. # 5]; Defendant Elaine Jackson's Motion to Dismiss [Doc. # 8]; Defendant Randolph Vincent, Jr.'s Motion to Show Authority Pursuant to FED. R. CIV. P. 17 and Motion to Dismiss Plaintiff's Original Complaint [Doc. # 9]; Buckley Madole, P.C.'s Motion to Dismiss [Doc. # 14]; Defendant Deputy Leon Hubbard's Motion to Dismiss [Doc. # 17]; Defendant Ocwen Financial Corporation's Motion to Dismiss Plaintiff's Complaint [Doc. # 24]; and Defendant Texas Eviction LLC's Motion to Dismiss [Doc.

# 41]. The remaining three Defendants (Chuck Martin, "Waller County Precinct 3," and "Does 1-100") have not appeared. Having considered the pleadings, motions, briefing, relevant legal authority, and all matters of record, the Court **dismisses** this action under Rules 12 and 41.

I.   **Background**

Plaintiff's Complaint [Doc. # 1], filed on September 5, 2017, brings nine claims: (1) wrongful foreclosure, (2) recision and restitution, invoking 15 U.S.C. § 1635, (3) Real Estate Settlement Procedures Act ("RESPA") violations under 12 U.S.C. § 2605, (4) fraudulent concealment, (5) fraudulent misrepresentation, (6) "elder abuse," (7) quiet title, (8) violations of 42 U.S.C. § 1983, and (9) declaratory and injunctive relief. His demand is $5 million. He states that he brings all of his claims against all eleven Defendants, but does not explain the involvement of each Defendant in each claim.

Plaintiff's claims pertain to property at 22396 FM Road 1098 in Prairie View (the "Property"), which is in Waller County. The Property previously was owned by Plaintiff's sister, Roy Lee Kemp.[1] Plaintiff was never owner of the Property, but

---

[1]   Ms. Kemp filed a case against Wells Fargo, which Wells Fargo removed to federal court on March 7, 2017. *See Kemp v. Wells Fargo et al*, 4:17-CV-721. The case was assigned to Hon. Keith P. Ellison, who *sua sponte* dismissed the case without prejudice on March 22, 2017, for lack of jurisdiction.

apparently owns land "surrounding" the Property. In his pleadings, Plaintiff identifies himself as "Trustee for the Roy Lee Kemp Trust" and states that Ms. Kemp is eighty-four years old and disabled. Ms. Kemp is not a party to this suit. The record before this Court contains no documentation of the trust.

On July 11, 2007, Ms. Kemp executed a Deed of Trust and Promissory Note for the Property in the amount of $63,991.53. The lender was Defendant Wells Fargo. *See* Exhibit A to Doc. # 4. Plaintiff states that Ms. Kemp made payments on the Property "from 2007 until the time in which payments were refused." Complaint, at 4. Wells Fargo states that Ms. Kemp defaulted on her loan obligations and, in 2016, Wells Fargo initiated foreclosure proceedings. On August 15, 2016, the 506th District Court in Waller County entered an agreed foreclosure order. *See* Exhibit C to Doc. # 4 ("Agreed Foreclosure Order"). Ms. Kemp was represented by counsel, who approved the agreed order.

According to Wells Fargo and the documents attached to its motion, the Property was sold to Wells Fargo at a foreclosure sale on November 1, 2016. Exhibit B to Doc. # 4. On May 26, 2017, Wells Fargo sold the property to Cypress Four Property Ventures LLC, who in turn sold the property on June 9, 2017, to Randolph Vincent, Jr. *See* Exhibits D & E to Doc. # 4. Wells Fargo's motion, filed on October 10, 2017, stated that Ms. Kemp continues to occupy the Property.

The other Defendants who have appeared in this action are Mike Schroeder, whom Plaintiff identifies as a Wells Fargo employee; Ocwen Financial Corporation, a successor loan servicer apparently on Ms. Kemp's loan; Buckely Madole PC, the law firm that represented Wells Fargo in Ms. Kemp's previous suit before Judge Ellison; Texas Eviction LLC ("Eviction"), whom Plaintiff alleges trespassed in connection with eviction proceedings; Randolph Vincent, Jr., who purchased the Property on June 9, 2017; "Constable Hubble," whom Plaintiff identifies as "only a nominal Defendant"; and Elaine Jackson, a Justice of the Peace for Waller County Precinct 3.[2]

For seven of the pending motions to dismiss, the Court issued orders directing Plaintiff to respond by a set deadline and cautioning Plaintiff that "**failure to respond as ordered by the deadline will result in dismissal of his claims**." *See* Docs. # 10, # 16, # 23, & # 25. The eighth motion, filed by Eviction, was filed on November 30, 2017, several days before the Court's initial pretrial conference. Plaintiff's response deadline is December 21, 2017.

Plaintiff has not filed timely responses to all pending motions. His most recent

---

[2] Three Defendants have not appeared: Chuck Martin, whom Plaintiff alleges was a Wells Fargo employee; Waller County Precinct 3, whom Plaintiff identifies in his Complaint as a "only a nominal defendant"; and "Does 1-100," whose alleged involvement is not explained in Plaintiff's filings. The Court's docket does not reflect service of process on any of the three.

filing was docketed on October 31, 2017. Plaintiff filed several documents responsive to earlier motions to dismiss. *See* Docs. # 18, # 19, # 20, # 21, & # 22.

On November 27, 2017, Defendants filed a Joint Discovery/Case Management Plan [Doc. # 31]. The Plan states that Defendants attempted to confer with Plaintiff by email, Fed Ex, and telephone in the range of November 22-27, but that Plaintiff did not respond.

At 1:30 p.m. on December 4, 2017, the Court held an initial pretrial conference, which had been set by an Order entered on September 7, 2017. *See* Order for Initial Pretrial and Scheduling Conference [Doc. # 3]. Plaintiff did not appear at the conference. The Court delayed calling the case until 1:43 p.m. and then heard argument from Defendants' attorneys on the pending motions. The Court then called another case and directed Defendants' attorneys to wait, to give Plaintiff a final chance to appear. At 2:45 p.m., Plaintiff still had not appeared and the Court dismissed Defendants' attorneys. Hearing Minutes and Order [Doc. # 44].

**II.     Legal Standards**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)). The complaint must be liberally construed in favor of the

plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington*, 563 F.3d at 147. The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679. Rule 8 "generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

On a motion to dismiss, the Court's review "is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). *See Walch v. Adjutant General's Dep't of Tex.*, 533 F.3d 289, 294 (5th Cir. 2008) (on a Rule 12(b)(6) motion, documents attached to the briefing may be considered by the Court

if the documents are sufficiently referenced in the complaint and no party questions their authenticity (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004))).

Federal Rule of Civil Procedure 41(b) permits dismissal if a plaintiff "fails to prosecute or to comply with these rules or a court order." A dismissal under Rule 41(b) is with prejudice unless otherwise stated in the dismissal order.

### III. **Defendants' Motions to Dismiss**

Wells Fargo's Motion to Dismiss [Doc. # 4] argues that Plaintiff's Complaint should be dismissed under Rule 12(b)(6) because Plaintiff—who was not a party to the relevant note or deed and was never an owner of the Property—lacks standing to assert claims regarding Ms. Kemp's loan or the Property. Wells Fargo also urges dismissal under Rule 12(b)(6) because, among other grounds, the Agreed Foreclosure Order defeats Plaintiff's wrongful foreclosure claims; because 15 U.S.C. § 1635 does not apply to residential mortgage transactions; because Plaintiff fails to plead a claim under RESPA, under Chapter 48 of the Texas Human Resources Code, under 42 U.S.C. § 1983, or for quiet title; and because Plaintiff fails to plead fraud with particularity. Plaintiff has responded to Wells Fargo's motion, and Wells Fargo filed a reply. *See* Docs. # 18, # 27.

Plaintiff has failed to allege facts that would support his standing to bring this

lawsuit in his pleadings, his response to Wells Fargo's motion, or any other filings in this suit. Wells Fargo has produced documentation showing that Plaintiff was not a party to the deed or note relevant to the foreclosure, which this Court may consider on a Rule 12(b)(6) motion. *See Lone Star Fund V*, 594 F.3d at 387.[3] Based on Plaintiff's lack of standing as well as the Agreed Foreclosure Order, the Court grants Wells Fargo's motion to dismiss.

Plaintiff's lack of standing to bring claims regarding the loan or the Property further requires dismissal of his claims against the remaining Defendants, all of whom are sued by Plaintiff in connection with the foreclosure dispute.[4] Nothing in the responses filed by Plaintiff provides facts that would support his standing to bring claims against these parties related to the foreclosure of the deed of trust on the

---

[3] Plaintiff asserts that a "Roy Lee Kemp Trust" exists and that he is trustee. However, he provides no further details about the purported trust, and his filings provide no facts regarding the formal name of the trust, the beneficiaries, the date of formation, or its connection to the Property. At the initial pretrial conference, defense counsel stated that they had searched for records relating to the trust claimed by Plaintiff and had found no evidence that the trust exists. Whether or not the trust exists, the documents in this Court's record list "Roy L. Kemp" as a party to the relevant deed and Agreed Foreclosure Order, and not "Roy Lee Kemp Trust." *See* Exhs. A & C to Doc. # 4. Therefore, Plaintiff's assertion that he is trustee of the "Roy Lee Kemp Trust" also does not suffice to allege standing to bring his claims.

[4] Although the Motion to Dismiss filed by Eviction, filed on November 30, is not yet ripe, Eviction joins Wells Fargo's motion. Plaintiff has had full opportunity to respond to Wells Fargo's motion, and the same grounds warranting dismissal of his claims against Wells Fargo also require dismissal of his claims against Eviction.

Property.

## IV. <u>Additional Grounds for Dismissal</u>

Defendants Chuck Martin, "Waller County Precinct 3," and "Does 1-100" have not appeared, and the docket does not reflect service of process on any of them. Because Plaintiff's complaint was filed on September 5, 2017, dismissal is warranted under Rule 4(m). *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time").

In addition, the Court dismisses this case because Plaintiff's failure to prosecute this action forces the Court to conclude that he lacks due diligence. Plaintiff did not participate in preparation of the Joint Discovery/Case Management Plan and did not appear at the initial pretrial conference. Under the inherent powers necessarily vested in a district court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440-41 (5th Cir. 2016) (a district court may dismiss an action *sua sponte* for failure to prosecute or to comply with any court order).

## IV. <u>Conclusion</u>

For the foregoing reasons, it is hereby

**ORDERED** that Defendant Wells Fargo Financial Texas, Inc.'s Motion to Dismiss [Doc. # 4] is **GRANTED**. It is further

**ORDERED** that Defendant Michael Schroeder's Motion to Dismiss [Doc. # 5] is **GRANTED**. It is further

**ORDERED** that Defendant Elaine Jackson's Motion to Dismiss [Doc. # 8] is **GRANTED**. It is further

**ORDERED** that Defendant Randolph Vincent, Jr.'s Motion to Show Authority Pursuant to FED. R. CIV. P. 17 and Motion to Dismiss Plaintiff's Original Complaint [Doc. # 9] is **GRANTED**. It is further

**ORDERED** that Buckley Madole, P.C.'s Motion to Dismiss [Doc. # 14] is **GRANTED**. It is further

**ORDERED** that Defendant Deputy Leon Hubbard's Motion to Dismiss [Doc. # 17] is **GRANTED**. It is further

**ORDERED** that Defendant Ocwen Financial Corporation's Motion to Dismiss Plaintiff's Complaint [Doc. # 24] is **GRANTED**. It is further

**ORDERED** that Defendant Texas Eviction LLC's Motion to Dismiss [Doc. # 41] is **GRANTED**. It is further

**ORDERED** that unserved Defendants Chuck Martin, "Waller County Precinct 3," and "Does 1-100" are **DISMISSED** pursuant to Rules 4(m) and 41(b). It is finally

**ORDERED** that the Clerk of Court is instructed to send a copy of this Order to Plaintiff by certified mail, return receipt requested, and by First Class mail.

All of Plaintiff's claims are **DISMISSED with prejudice** pursuant to Rules 12(b)(6) and 41(b).

A separate final judgment will issue.

**SIGNED** at Houston, Texas, this **8th** day of **December. 2017**.

*[signature]*
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE